IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 07-cv-00195-WDM-MJW

NOUJOUD HASSAN SAFIEDDINE,

      Plaintiff,

v.

ALBERTO GONZALES, Attorney General of the United States of America;
DEPARTMENT OF HOMELAND SECURITY;
MICHAEL CHERTOFF, Secretary, Department of Homeland Security;
EMILIO T. GONZALEZ, Director, United States Citizenship and Immigration Services;
MARY MISCHKE, Acting District Director of the United States Citizenship and Immigration Services;
ROBERT MUELLER, Director, Federal Bureau of Investigation;
FEDERAL BUREAU OF INVESTIGATION; and
UNITED STATES OF AMERICA,

      Defendants.

---

## ORDER OF REMAND

---

Miller, J.

      Plaintiff Noujoud Hassan Safieddine (Plaintiff) requests that I assume jurisdiction on her naturalization application under Section 336(b) of the Immigration and Nationality Act, 8 U.S.C. § 1447(b).  The matter before the court is the Motion to Dismiss (doc no 7) filed by Defendants Alberto Gonzales, Robert Mueller, and the Federal Bureau of Investigation.  The motion is fully briefed and I have determined that oral argument would not be of material assistance.

## Background

      Plaintiff is a citizen of Lebanon who became a lawful permanent resident of the

United States on October 25, 2000.  She filed an application for naturalization (N-400) on August 9, 2005 and was interviewed by the United States Citizenship and Immigration Service (USCIS) on December 9, 2005.  At that time, she passed the United States history and government and English language tests, and met all the requirements for naturalization.  Plaintiff's application for naturalization is still pending because the Federal Bureau of Investigation (FBI)  has not yet completed the mandatory FBI security check.

Plaintiff claims that Defendants failed to adjudicate her naturalization application within 120 days after the December 9, 2005 examination, as required by 8 U.S.C. § 1447(b).  Plaintiff therefore asks this court to make a determination on the application, or, alternatively, to remand the matter to USCIS for immediate decision.

<u>Naturalization Standards and Procedures</u>

Under the applicable provisions of the Immigration and Nationality Act, "[n]o person ... shall be naturalized" unless he meets the following criteria: (1) the applicant must have been a lawful permanent resident residing within the United States for the five years preceding his application for naturalization; (2) the applicant must have resided continuously within the United States from the date of the application up to the time of admission to citizenship; and (3) during all the relevant time periods, the applicant must be a person of good moral character.  8 U.S.C. § 1427(a). In addition, the applicant generally must demonstrate an understanding of the English language, including the ability to read, write, and speak words in ordinary usage, 8 U.S.C. § 1423(a)(1); knowledge and understanding of the fundamentals of United States history and of the principles and form of the United States government. 8 U.S.C. § 1423(a)(2).  Each applicant must also pass

2

a background check for national security reasons. See Pub.L. No. 105-119, Title I, Nov. 26, 1997, 111 Stat. 2448, set forth in the historical and statutory notes to 8 U.S.C. § 1446.

There are several procedural requirements governing applications for citizenship. The applicant must first submit a completed Form N-400 Application for Naturalization to USCIS. *See* 8 C.F.R. § 334.2(a). After the application for naturalization is filed, USCIS "shall conduct an investigation of the applicant." 8 C.F.R. § 335.1. When the investigation is completed, each applicant shall appear in person before a USCIS officer for an examination. 8 C.F.R. § 335.2(a). Prior to the examination, the FBI must perform a criminal background check to determine whether the applicant has an administrative or criminal record, or confirm that the FBI cannot definitively respond because the necessary fingerprints analysis cannot be completed on the available information.[1] *See* 8 C.F.R. § 335.2(b). The USCIS requires the completion of four background checks: (1) a Department of Homeland Security immigration records check; (2) an FBI fingerprint check; (3) an Interagency Border Inspection System check; and (4) an FBI name check. *See* Exh. A to Motion to Dismiss, Mischke Declaration, at ¶ 2.

"A decision to grant or deny the application shall be made at the time of the initial examination or within 120-days after the date of the initial examination of the applicant for naturalization under §335.2." 8 C.F.R. § 335.3(a).

## Discussion

Plaintiff asserts that the court has jurisdiction of this action under 8 U.S.C. § 1447(b)

---

[1] In Plaintiff's case, the examination occurred before the background checks were completed, so the agency violated its own regulations.

because more than 120 days have passed since the examination on her application for naturalization without issuance of a decision from USCIS.  The statute states:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section,[2] the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b) (footnote added).

The majority of district courts considering the jurisdictional issue have held that the interview date triggers the 120-day time period referenced in § 1447(b). *See, e.g.*, *Walji v. Gonzales*, ___ F.3d ___, 2007 WL 2685028 (5th Cir. 2007); *Khelifa v. Chertoff*, 433 F. Supp. 2d 836, 840-42 (E.D. Mich. 2006); *El-Daour v. Chertoff*, 417  F. Supp. 2d 679, 681-83 (W.D. Pa. 2005); *Nguyen v. Gonzalez*, 2007 WL 713043 at *3 (S.D. Tex. 2007) (citing cases).  I adopted this reasoning in a similar case, *Mahd v. Chertoff et al.,* Case No. 06-cv-01023-WDM-PAC.   See Order dated March 22, 2007.   Accordingly, I have jurisdiction over this matter.

Defendants argue that mandamus relief is improper because Plaintiff is not entitled to forego her required security clearance and there is no statute or regulation requiring the FBI to complete the name check within a specific time period.  In response, Plaintiff notes that she does not wish to forego her security check but rather is seeking to have it

---

[2]        8 U.S.C. § 1446(d) provides that "[t]he employee designated to conduct [the] examination shall make a determination as to whether the application should be granted or denied, with reasons therefor."

completed in a timely manner.  In addition, Plaintiff contends, and I agree, that the FBI does not have complete discretion to delay the processing of background checks indefinitely.  Moreover, Defendants have offered no specific justification for the delay with respect to Plaintiff's application.

As noted by Plaintiff, 8 C.F.R. § 335.2(b) states that the full criminal background check must be completed before the examination, which I construe to be the applicant's interview, is conducted, indicating that the background check and the examination are separate events.  The failure of the relevant agencies to follow this regulatory mandate does not now mean that the background check can languish; rather, the more logical interpretation is that the background checks are required to be completed within the 120 days after the examination.  *See Berishev v. Chertoff,* 486 F. Supp. 2d 202, 206-7 (D. Mass. 2007).

The statute authorizes the federal district court to decide whether the applicant is entitled to naturalization or to remand the matter to USCIS to determine the matter. § 1447(b).  Under the circumstances, I find that a remand to the agency is the appropriate course of action.  A person may not be naturalized until the FBI's name check investigation is completed.  *See* § 1446(a); 8 C.F.R. §335.2(b).  The federal courts are not equipped to complete background checks on naturalization applications or process and analyze the information once it is obtained.  *See Khelifa*, 433 F. Supp. 2d at 842-843; *El-Daour*, 417 F. Supp. 2d at 683-84.  Congress has placed initial decision-making authority on naturalization applications with USCIS because of the agency's expertise in that area.

"Generally speaking, a court  . . . should remand a case to an agency for decision

of a matter that statutes place primarily in agency hands." *INS v. Orlando Ventura*, 537 U.S. 12, 16 (2002).  If Plaintiff is dissatisfied with the agency's decision, she can seek judicial review after exhausting her administrative remedies.

I conclude the best course of action is to remand this matter to Defendants with instructions to complete Plaintiff's background security check within forty-five days of the date of this order and for a prompt administrative determination on Plaintiff's naturalization application after the results of her background security check has been received from the FBI.  Given the facts that the USCIS erroneously held the examination prior to receipt of the results of the background security check, giving rise to this case initially, and that considerable time has passed since Plaintiff was examined in December 2005, I will require the USCIS to act within forty-five days of receipt of the results from the FBI.  I will retain jurisdiction over this matter to the extent required to ensure that the relevant agencies comply with this order.

Accordingly, it is ordered:

1.     Motion to Dismiss (doc no 7) is granted in part to remand this case to the USCIS with the following orders:

   a.     **The FBI shall complete Plaintiff's background security check and report the results to the USCIS within forty-five days of the date of this order;**

   b.     **The USCIS shall issue a decision on Plaintiff's pending naturalization application within forty-five days of receipt of the results of the FBI security check.**

2.     The motion to dismiss for lack of jurisdiction and the request to hold the case in

abeyance are denied.

3.    The request for a hearing on Plaintiff's naturalization application pursuant to 8

U.S.C. § 1447(b) is denied.

4.    Each party shall bear his, her or its own costs.

DATED at Denver, Colorado, on October 2, 2007.

BY THE COURT:


s/ Walker D. Miller
United States District Judge